IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS AND MICHELLE ARMENDARIZ,

Plaintiffs,

v. No. 1:24-cv-00280-KG-JMR

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment, Doc. 48, Plaintiffs' Response, Doc. 54, and State Farm's Reply, Doc. 56. For the reasons below, the motion is granted in part and denied in part.

## ***I. Background***

The following facts are viewed in the light most favorable to Plaintiffs. *See Hall v. Allstate Fire & Cas. Ins. Co.*, 20 F.4th 1319, 1323 (10th Cir. 2021). In June 2023, a hailstorm damaged Plaintiffs' property located at 4708 Contenta Rdg., Santa Fe, New Mexico, 87507. Doc. 48 at 2–3; Doc. 54 at 1–2. At the time, Plaintiffs had a State Farm homeowner's insurance policy that covered, in pertinent part, losses "due to hail, wind, and other covered perils." Doc. 48 at 3; Doc. 54 at 3. Plaintiffs filed a claim with State Farm, stating that the hailstorm damaged their roof and caused water to leak "in the ceiling of several areas of their home...including the garage, dining room, and master bedroom." Doc. 54 at 3.

State Farm assigned Nancy J. Gray to adjust the loss and Lucas Salazar to photograph and document the damage to Plaintiffs' property. Doc. 48 at 4; Doc. 54 at 3. Mr. Salazar inspected the property and issued a report that incorporated his observations and conclusions regarding the damage to the roof. Doc. 54 at 4. On July 12, 2023, Ms. Gray reviewed the

photographs and report and determined that "the rolled roof had visible wear and tear and loss of granules but no accidental physical loss from wind or hail." Doc. 48 at 4; *see* Doc. 48-3 at 11. State Farm sent Plaintiffs a three-page letter denying their claim and stating that the policy covered only $3,047.59 in total damages. Doc. 54 at 5; *see* Doc. 54-6 at 1. The letter incorporated certain findings and conclusions from Mr. Salazar's report that supported State Farm's coverage decision. *See* Doc. 54-6. As well, the letter included relevant sections of the policy describing the coverage available to Plaintiffs. *Id.* After subtracting the policy deductible, State Farm paid Plaintiffs $818.59. Doc. 48 at 4; Doc. 54-6 at 1.

On August 7, 2023, Plaintiffs sought to reopen their claim and requested a second inspection of the property. Doc. 48 at 5. State Farm advised them to retain a contractor and submit an estimate with photos of "overlooked damage" to determine if a second inspection was warranted. Doc. 48 at 5; Doc. 48-3 at 9. Plaintiffs hired Blue Sky Public Adjusters ("Blue Sky") to perform the inspection and submitted an estimate of $192,274.80 in hail-related damages to the property. Doc. 48 at 5; Doc. 54 at 5. State Farm reviewed the photographs submitted by Plaintiffs, determined that "[t]here are markings which do not appear to have previously [sic] reviewed, and could be related to hail/wind and water damage," and approved a second inspection. Doc. 48 at 5; Doc. 48-3 at 9.

On October 17, 2023, State Farm hired ProNet Group, Inc. ("ProNet") to conduct a second inspection of Plaintiffs' home. Doc. 48 at 5; Doc. 54 at 7. After examining the property, ProNet issued a report agreeing with the results of the initial inspection and concluding that the damage to the roof was "the result of long-term wear and tear on the roof and not the result of any hail event occurring on or around June 1, 2023 or from any other hail event." Doc. 48 at 6;

Doc. 48-3 at 5. State Farm sent Plaintiffs a second letter denying coverage for "damages caused by wear, tear, and/or deterioration." Doc. 54-12 at 1.

Plaintiffs subsequently retained Karl Mertens, a forensic engineer, to perform a nondestructive inspection of the property and to review ProNet's findings and conclusions. Doc. 54 at 8; Doc. 54-11 at 3. On March 23, 2024, Mr. Mertens inspected the property. Doc. 54-11 at 1. Mr. Mertens published a 146-page report evaluating ProNet's investigation of the property, disagreeing with ProNet's findings, and ultimately concluding that the "roof was damaged by hailstone impacts." *Id.* at 4, 15. Based on Mr. Mertens' report, Plaintiffs filed the present action "for Breach of Contract, Violation of the New Mexico Unfair Claims Practices Act, and Bad Faith Actions" in New Mexico state court. Doc. 54 at 9. State Farm removed the matter to this Court. *See generally* Doc. 1.

State Farm now moves for summary judgment on Plaintiffs' claims for bad faith, unfair insurance claims practices, and punitive damages. Doc. 48. It argues that Plaintiffs "merely disagree with the scope of the covered loss identified by State Farm," and have failed to (1) establish that State Farm denied their claim for reasons that were frivolous or unfounded; (2) provide evidence of delay or failure to promptly investigate or process Plaintiffs' claim; and (3) show that State Farm employs a pattern or practice of unfair claims handling. Doc. 48 at 8–10. Plaintiffs oppose the motion. *See generally* Doc. 54.

## *II. Legal Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hall*, 20 F.4th at 1323 (quoting Fed. R. Civ. P. 56(a)). The moving party bears the initial burden of showing it is entitled to summary judgment. *Leprino Foods Co. v. DCI, Inc.*, 727 Fed. Appx. 464, 473

(10th Cir. 2018). Once the movant satisfies its initial burden, the burden shifts to the nonmoving party "to show specific facts supporting a genuine issue for trial." *McGarry v. Bd. Of Cnty. Comm'rs of Cnty. Of Pitkin*, 175 F.3d 1193, 1198 (10th Cir. 1999). "[S]ummary judgment may not be avoided by mere disagreement with factual contentions that are supported with competent evidence." *Mayer Botz Enter. LLC v. Central Mut. Ins. Co.*, 720 F. Supp. 3d 1081, 1082 (D.N.M. 2024). A party challenging summary judgment must "proffer *some* evidence—deposition testimony, documents, or otherwise—that creates a triable question." *Id.* (emphasis in original). "[T]he court's function is not to weigh the evidence and determine the truth but to decide whether there is a genuine issue for trial." *TPLC, Inc. v. United Nat. Ins. Co.*, 44 F.3d 1484, 1489 (10th Cir. 1995).

## ***III. Analysis***

The Court denies summary judgment for Plaintiffs' claims for bad faith and punitive damages. The Court grants in part and denies in part summary judgment for Plaintiffs' claims of unfair insurance practices.

### ***A. Bad Faith (Count III)***

#### ***1. Bad Faith***

Genuine issues of material fact exist as to whether State Farm acted in bad faith by favoring its own interests over that of Plaintiffs. "[I]nsurance contracts incorporate an implied covenant of good faith and fair dealing that the insurer will not injure its policyholder's right to receive the full benefits of the contract." *Smith v. Liberty Mut. Fire Ins. Co.*, 495 F. Supp. 3d 1019, 1033 (D.N.M. 2020) (quoting *Salas v. Mountain States Mut. Cas. Co.*, 2009-NMSC-005, ¶ 13). An insurer breaches the implied covenant of good faith and fair dealing when it engages in bad faith conduct. *See e.g.*, *Apodaca v. Young America Ins. Co.*, 702 F. Supp. 3d 1094, 1159

(D.N.M. 2023) (noting examples of bad faith). Under New Mexico law, "[a]n insurer acts in bad faith when its reasons for denying or delaying payment of the claim are frivolous or unfounded." *Garcia v. Metro. Life Ins. Co.*, 859 F. Supp. 2d 1233, 1236–37 (D.N.M. 2012) (internal quotation marks and citation omitted). Frivolous and unfounded "does not mean 'erroneous' or 'incorrect'; it means essentially the same thing as 'reckless disregard,' in which the insurer '*utterly* fails to exercise case for the interests of the insured in denying or delaying payment on an insurance policy." *Id.* at 1237 (quoting *Yumukoglu v. Provident Life & Accident Ins. Co.*, 131 F. Supp. 2d 1215 (D.N.M. 2001) (emphasis in original) (alteration omitted)). "An insurance company has a right to deny a claim without exposure to a bad faith law suit if it has reasonable grounds to deny coverage." *Sinclair v. Zurich American Ins.*, 129 F. Supp. 3d 1252, 1255 (D.N.M. 2015). "The key principle underlying the covenant of good faith in an insurance contract is that the insurer treat the interests of the insured equally to its own interests." *City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576, 582 (10th Cir. 1998).

Under these principles, State Farm has not met its initial burden on summary judgment to demonstrate that there is no genuine issue of material fact. A jury could reasonably conclude, based on the Blue Sky and Mertens reports, that State Farm ignored evidence favoring coverage and instead focused on facts that largely supported denial of Plaintiffs' claim. State Farm's own insurance logs indicate that the Blue Sky report contained photographs of possible hail-related damages to the property that Mr. Salazar did not consider during his initial inspection. Doc. 54-3 at 7. Mr. Salazar also testified that his initial report did not include certain damages documented by Blue Sky, and that the damage "look[ed] like potential hail damage to a rolled roofing." Doc. 54-4 at 8. Additionally, the Mertens report published after the second inspection identifies and refutes the findings and conclusions presented in the ProNet Report that State Farm relied on to

largely deny coverage. Based on this conflicting evidence, a jury could reasonably infer that State Farm ignored possible damages to minimize its own costs.

State Farm's assertion to the contrary, that Plaintiffs "merely disagree with the scope of the covered loss," is unavailing. Doc. 48 at 8. State Farm centers its argument on the timeliness of its coverage decision and its prompt communication with Plaintiffs but ignores the relevant inquiry—the reasons supporting its coverage determination. The Court is convinced that Plaintiffs' evidence raises a genuine dispute as to bad faith by State Farm and denies State Farm's motion for summary judgment on this claim.

#### *2. Punitive Damages*

The Court also denies summary judgment on Plaintiffs' claim for punitive damages. A claim for punitive damages for insurance bad faith requires a plaintiff to show "that the insurer acted with reckless disregard for the interest of the nonbreaching party." *Smith*, 495 F. Supp. 3d at 1034 (internal quotation marks and citation omitted). "Under New Mexico law...the determination whether the bad faith evinced by a particular defendant warrants punitive damages is ordinarily a question for the jury to resolve." *Id.* (quoting *Slaon v. State Farm Mut. Auto Ins. Co.*, 2004-NMSC-004, ¶ 6). For reasons already discussed, a jury could find that State Farm acted with reckless disregard for Plaintiffs' interests based on the evidence in the Blue Sky and Mertens reports, as well as State Farm's insurance logs and Mr. Salazar's testimony. That being so, the Court is persuaded that Plaintiffs' claim for punitive damages is best left for the jury.

### *B. New Mexico Unfair Insurance Practices Act (Count II)*

State Farm is entitled to summary judgment in part on Plaintiffs' claims of unfair insurance claims practices. New Mexico's Unfair Insurance Practices Act, NMSA 1978, § 59A-16-1 to -30 (1984, as amended through 2025) (the "Act"), prohibits unfair or deceptive insurance

acts and provides a private right of action for a party injured by any of the Act's 18 enumerated unfair claims practices. *See* § 59A-16-20, -30. Plaintiffs allege that State Farm violated all 18 enumerated acts. *See* Doc. 54 at 10–11. The Court addresses each allegation in turn.

First, Plaintiffs contend that State Farm misrepresented "pertinent facts or policy provisions relating to coverages at issue." § 59A-16-20(A). The evidence demonstrates a genuine issue of material fact as to whether State Farm misrepresented that coverage was largely unavailable to Plaintiffs. A reasonable jury could find that State Farm ignored or minimized information regarding whether hail damage was present based on the Blue Sky and Mertens reports, as well as Mr. Salazar's testimony that his initial report failed to include photographs of possible hail damage. *See Fuel Depot, LLC v. Travelers Cas. Ins. Co. of America*, 668 F. Supp. 3d 1212, 1222 (D.N.M. 2023) (concluding that plaintiff demonstrated genuine issue for trial on misrepresentation claim where there was evidence insurer ignored information showing hail damage to plaintiff's property).

Second, Plaintiffs assert that State Farm failed "to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies." § 59A-16-20(C). The record is devoid of any allegations or arguments by Plaintiffs concerning State Farm's standards for investigating and processing claims. Plaintiffs narrowly focus on the *results* of the investigation, i.e., whether the coverage determination was correct, but do not present any facts related to State Farm's standards and procedures. As State Farm points out, Plaintiffs do not have an expert to testify to insurance industry standards. Doc. 56 at 5; *see Hauff*, 755 F. Supp. 2d at 1158 (granting summary judgment on unfair insurance practices claim where plaintiff failed to present evidence of existing industry standards for investigating and processing claims). Nor do Plaintiffs contend that the Blue Sky and Mertens reports are being

offered as evidence of established industry standards. Instead, the undisputed facts show that State Farm promptly investigated Plaintiffs' claim, issued a claim determination, re-opened the claim at Plaintiffs' request, reinspected the property, communicated with Plaintiffs throughout the process, and informed Plaintiffs of the bases for their decision. Neither Plaintiffs' allegations, nor the Blue Sky and Mertens reports, are sufficient to raise a triable issue of material fact as to Plaintiffs' claim of lack of reasonable standards for the prompt investigation and processing of claims. *Accord Fuel Depot*, 668 F. Supp. 3d at 1222; *Hauff*, 755 F. Supp. 2d at 1148; *Sanders v. USAA Cas. Ins. Co.*, 2021 WL 6125618, at *11 (D.N.M.).

Third, Plaintiffs argue that State Farm failed "to attempt in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear." § 59A-16-20(E). Plaintiffs have presented evidence sufficient to raise a triable issue for a jury on their claim. As discussed, a reasonable jury could find that State Farm ignored evidence of hail damage to Plaintiffs' property and only considered evidence that supported denying Plaintiffs' claim. To the extent State Farm asserts that its prompt investigation, payment of covered damages, and granting of Plaintiffs' request for a second inspection demonstrate its good faith efforts to effectuate a prompt, fair, and equitable settlement, those issues are questions of fact for a jury to decide. *See Fuel Depot*, 668 F. Supp. 3d at 1222–23.

Fourth, Plaintiffs claim that State Farm has compelled them "to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered." § 59A-16-20(G). Plaintiffs have submitted no evidence of failed settlement negotiations or other evidence that State Farm "compelled

[them] to litigate." *Hauff*, 755 F. Supp. 3d at 1148. Plaintiffs' allegations are insufficient to create a triable issue of fact. *See e.g.*, *Lincoln v. State Farm Fire & Cas. Ins. Co.*, 2020 WL 5821027, at *8 (D.N.M.) (same); *but see Corrales Ventures, LLC v. Union Ins. Co.*, 643 F. Supp. 3d 1247, 1258 (D.N.M. 2022) (denying summary judgment where claimant was compelled to file lawsuit or risk statute of limitations running before conclusion of claims process).

Fifth, Plaintiffs allege that State Farm failed "to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement." § 59(A)-16-20(N). The evidence demonstrates a genuine issue of material fact as to whether State Farm provided a reasonable explanation for the denial of Plaintiffs' claim "in relation to the facts." *Id.* State Farm's denial letters, each three pages long, include brief statements of the findings and conclusions supporting its coverage decision as well as the relevant sections of the policy describing the coverage available to Plaintiffs. *See* Doc. 54-6; Doc. 54-12. While State Farm offered a reason for its claim determination, a reasonable jury could find that, based on the Blue Sky and Mertens reports, State Farm's explanation for denying coverage was not reasonable. As a result, State Farm is not entitled to summary judgment on this claim.

Finally, the Court summarily dismisses Plaintiffs' remaining allegations of unfair claims practices. Plaintiffs' Complaint and response to State Farm's motion for summary judgment include only facts and arguments in support of five of the eighteen enumerated unfair claims practices in the Act. "A party cannot avoid summary judgment by...allegations unsupported by specific facts." *Smith*, 495 F. Supp. 3d at 1026. "Evidence that...consists only of unsubstantiated allegations...is insufficient." *Id.* Plaintiffs' generalized assertions of unfair claims practices violations are insufficient to raise a triable issue of fact to preclude summary judgment. *See*

*Hauff v. Petterson*, 755 F. Supp. 3d 1138, 1148 ("The mere expression of an opinion without factual support is insufficient to raise a triable issue of material fact." (alterations, internal quotation marks, and citation omitted)). As a result, the Court grants summary judgment in favor of State Farm as to the thirteen unsupported allegations of unfair claims practices.

For the reasons above, the Court grants summary judgment as to all but three of Plaintiffs' unfair insurance practices claims. The Court dismisses these claims with prejudice.

## *IV. Conclusion*

State Farm's Motion for Summary Judgment, Doc. 48, is denied in part and granted in part.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.